# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| KELCEY CARRAND HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV607-025 |
| | ) | |
| WARDEN DON JARRIEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On April 20, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, who is incarcerated at the Smith State Prison, alleges that on September 9, 2006, defendant Amie Deal uttered a racial slur towards him. Doc. 1. Plaintiff alleges that he then filed a grievance against her and that defendants have retaliated against him for doing so. Id. Plaintiff alleges that defendants have threatened him, prevented him from attending his grandmother's funeral, and denied him due process

by disposing of his grievances. Id. Plaintiff seeks monetary, injunctive, and declaratory relief. Id.

While inmates have a constitutional right to be free from racial discrimination, Bentley v. Beck, 625 F.2d 70, 70-71 (5th Cir. Unit B 1980), plaintiff has not alleged any form of invidious discrimination in this case. Instead, plaintiff's allegation is indistinguishable from a run-of-the-mill racial slur and other verbal insults that are noncognizable under § 1983. Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989)("a petitioner must allege more than that he has been subjected to 'verbal taunts. . . . however distressing' in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights"); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984)("[T]he use of vile and abusive language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."); Robertson v. Plano City, 70 F.3d 21, 24 (5th Cir. 1995) ("[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.

1973), cert. denied, 414 U.S. 1033 (1973). Plaintiff fails to state an actionable claim under § 1983.

Plaintiff's allegation that he was denied the opportunity to attend his grandmother's funeral does not rise to the level of a violation of his constitutional rights. A prisoner does not retain a liberty interest in attending the funeral of a family member, and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484-86 (1985); see also Bowser v. Vose, 968 F.2d 105, 106 (1st Cir. 1992)("the denial of a furlough implicates no inherent liberty interest"); Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. Dec. 13 2000)("An inmate has no liberty interest in attending a family member's wake or funeral, as the denial of such an opportunity does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Farmer v. Crews, 804 F. Supp. 1516, 1519 (M.D. Fl. 1992)("prisoners have no inherent liberty interest in continuing to participate in furlough (or other temporary release) programs"). Furthermore, there is no Georgia law or administrative rule

that creates a constitutionally-protected liberty interest in an inmate attending a family member's funeral. See <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989)(holding that "state law may create enforceable liberty interests in the prison setting"). Accordingly, this ground is frivolous and should be dismissed.

The failure to follow internal grievance procedures does not violate a constitutional right that would support a § 1983 claim. <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986)(Nangle, J.) (a grievance procedure is not constitutionally mandated and violations of a voluntarily established procedure do not deprive an inmate of any federally guaranteed right.); see <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993)(inmate had no "liberty interest" in processing of his grievances, such as would support § 1983 claim for prison official's failure to pick up his completed grievance forms). These allegations also fail to state a cognizable § 1983 claim.

Because plaintiff is proceeding *pro se* the Court holds his complaint to a less stringent standard. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). This does not mean, however, that the Court will create a claim where none

exists. See Elliott v. Perez, 751 F.2d 1472, 1482 (11th Cir. 1985) (The Eleventh Circuit's "heightened pleading standard" for § 1983 actions requires "a detailed complaint alleging with particularity all material facts on which he contends he will establish his right to recovery . . ."). Plaintiff broadly asserts that the staff at Smith State Prison has "harassed, threatened, and warned" him because he filed the grievance. Doc. 1. He alleges that defendant Jimmy Bland stated that he "better walk a tall, thin chalk line" and attempted to bribe him, and that defendants "filed a fake D.R. against [him]" and conspired to deny him leave for his grandmother's funeral. Id.

It is well-settled law in this circuit that "prison officials may not retaliate against an inmate for exercising a constitutionally protected right." Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986). The core of a retaliation claim is that the prisoner is penalized for exercising his constitutional right to free speech, redress of grievances, or similar activity. Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989). "The penalty need not rise to the level of a separate constitutional violation." Id. "Retaliation for filing administrative grievances violates the

inmate's right of access to the courts and First Amendment right to exercise freedom of speech." Green v. Mowery, 212 Fed. Appx. 918, 919 (11th Cir. 2006).

"To state a retaliation claim . . . plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). This circuit imposes a heightened pleading requirement in § 1983 actions against individuals to whom qualified immunity is available and forbids plaintiff from relying on vague or conclusory allegations. Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000) (a "heightened pleading requirement [is] applicable to section 1983 actions against individual government officials"); see Swann v. Southern Health Partners, Inc., 388 F.3d 834, 838 (11th Cir. 2004)

7

("the heightened pleading standard is only applicable in § 1983 suits against individuals to whom qualified immunity is available"); GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right."). As such, in order to state a retaliation claim, plaintiff must provide some facts that would support his allegations of retaliation and demonstrate that defendants' actions adversely affected his protected speech. Plaintiff, however, merely relies upon conclusory allegations that defendants' actions were in retaliation for the filing of his grievance. Doc. 1. As plaintiff does not assert any facts that would indicate any of the alleged actions were in retaliation for his grievance or that he was dissuaded from engaging in protected speech, he fails to meet Bennett's requirement for stating a retaliation claim. 423 F.3d at 1250. Plaintiff has therefore failed to properly state a claim upon which relief can be granted. See also Woods v. Valentino, 2007 WL 1427045, at *15 (M.D. Fla. May 14, 2007) (granting summary judgment in part where

no evidence demonstrating that any of defendants "acted with a retaliatory animus").

Based on the foregoing, plaintiff's complaint should be DISMISSED for failure to state a claim for relief under 42 U.S.C. § 1983.

**SO REPORTED AND RECOMMENDED** this /st day of **June, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KELCEY CARRAND HAMMOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV607-025 |
| | ) |
| WARDEN DON JARRIEL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KELCEY CARRAND HAMMOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN DON JARRIEL, et al., )<br>)<br>Defendants. ) | Case No. CV607-025 |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA